Filed 4/22/21  P. v. Pierre CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>COURTNEY DARREL PIERRE,<br><br>    Defendant and Appellant. | B305276<br>(Los Angeles County<br>Super. Ct. No. YA098063) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Alan B. Honeycutt, Judge.  Affirmed.

Katja M. Grosch, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Courtney Darrel Pierre appeals from a judgment entered after a jury verdict. Our review is under *People v. Wende* (1979) 25 Cal.3d 436.

An amended information charged Pierre with felony vandalism for damage over $400 (Pen. Code,[1] § 594, subd. (a); count 1) and misdemeanor injuring a child's parent (§ 273.5, subd. (a); count 2). Pierre pleaded not guilty to both counts and the matter proceeded to a jury trial.

At trial, the prosecution called the victim, the victim's sister, and the investigating officer to testify. According to the victim, she and Pierre had been in a relationship for approximately seven to eight years and had two children together. Pierre never lived with the victim and their relationship ended in December 2016.

On the evening of April 17, 2018, Pierre went to the victim's apartment unannounced while the children and victim were home. He entered the apartment without the victim's permission and became upset when he discovered another man in the victim's bedroom. The man left the apartment and Pierre ran outside after him. The victim then closed her front door and locked it. When Pierre returned, he broke down the front door and attacked the victim, choking her and striking her eye. The victim ran downstairs to her sister's apartment unit and Pierre followed. After the sister refused to let Pierre inside, he ran back upstairs and trashed the victim's apartment. In addition to breaking down the door, Pierre smashed a window and dented the walls. He also damaged several personal items including, but

---

[1] All further undesignated statutory references are to the Penal Code.

not limited to, a refrigerator, two televisions, an entertainment center, a video game console, a deep fryer, a bed, and a dresser. The cost of repairs and the replacement cost of the broken items totaled about $3,500.[2]

The victim called the police, but Pierre left before they arrived. When the investigating officer was interviewing the victim, Pierre called the victim's cell phone. The victim placed the call on speaker phone and the investigating officer recorded it. During the call, Pierre admitted to choking the victim and destroying her property.[3]

Pierre did not testify and did not call any witnesses.[4]

The court instructed the jury, including on the lesser included offenses of misdemeanor vandalism and spousal battery. The jury found Pierre guilty as charged.

On February 19, 2020, the trial court sentenced Pierre to the upper term of three years on count 1 and 180 days for count 2 to run concurrently. The trial court imposed a $300 restitution

---

[2] Photographs of the victim's apartment after the incident and of the damaged items were introduced at trial.

[3] Recordings of the 911 call and the subsequent call between Pierre and the victim were introduced at trial. Pierre moved to exclude inflammatory language from the recording of the call between him and the victim. The court denied the motion, finding that the language was highly probative of Pierre's state of mind and motive.

[4] Pierre sought to admit the testimony of his girlfriend, stating that the victim called Pierre earlier that day to say that he could come to the apartment to pick up his property. However, the court excluded her testimony as hearsay.

fine (§ 1202.4, subd. (b)). As to each count, it also imposed a $30 court facility assessment (Gov. Code, § 70373) and a $40 court operations assessment (§ 1465.8).

Pierre appealed. His court-appointed counsel filed an opening brief which raised no issues and asked this court to conduct an independent review of the record under *People v. Wende*, *supra*, 25 Cal.3d at page 441. By letter, we advised Pierre that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider. He did not submit a brief.

We have examined the record and are satisfied no arguable issues exist and Pierre's attorney has fully complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.
NOT TO BE PUBLISHED.


SALTER, J.*


We concur:



EDMON, P. J.        EGERTON, J.

---

* Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.